By the C'ourt.
 

 "Was the plaintiff entitled to secure an injunction against the enforcement of the judgment rendered by confession upon the promissory note?
 

 The defendant in its answer, which was not denied, stated that it purchased the note in good faith for value prior to the date of maturity; that Jerko knew that the note was due and payable at the defendant bank prior to maturity, and knew the date, and agreed to pay the same within a few days after it became due; that upon June 13, 1921, he sent a messenger to the defendant bank, requesting it to refrain from taking judgment upon the note for a few days, and upon the next day executed a chattel mortgage upon all his property to one E. H. Stewart for a consideration of $8,000; that on June 20, 1921, he (Jerko) had notice that the judgment would be taken on the said note; that on June 27, 1921, judgment was taken and execution was issued, which was later returned unsatisfied; that on or about July 1, 1921, Jerko had personal knowledge that the said judgment had been taken, and conferred with his attorney regarding the same; and that upon June 15,1922, after various proceedings in aid of execution were had, at which Jerko was present, he filed this action, and secured the permanent injunction granted in this case.
 

 
 *635
 
 Under these circumstances was Jerko entitled to an injunction?
 

 Plaintiff in error claims that having resorted to a court of equity defendant in error must be bound by equitable rules, and that he has not done equity herein, because he does not come into this court with clean hands.
 

 "With this proposition we are in agreement. The answer of the defendant in the original action was not denied, and is therefore admitted. This shows a fraudulent attempt upon the part of the plaintiff to secure time before judgment was taken by the bank, in which he conveyed away his property by chattel mortgage in more than double the amount of the note. It shows knowledge upon the part of the plaintiff, Jerko, that the judgment was to be taken and actual notice that the judgment had been taken four days after the entry of judgment. It shows that Jerko first tried to place his property beyond the reach of his creditor, and then put his creditor off repeatedly until it found property upon which to levy, at which time he applied to a court of equity for relief.
 

 In this view of the question it is immaterial whether the judgment was merely irregular, as plaintiff in error contends, or absolutely void. In either case equity will not allow relief unless the plaintiff himself does equity.
 

 Equity refuses to lend its aid in any manner to one seeking its active interposition who has been guilty of inequitable conduct in the matter with relation to which he seeks relief. 21 Corpus Juris, p. 182, and cases cited.
 

 For the foregoing reasons the judgment will
 
 *636
 
 be reversed, and judgment will be rendered for tbe plaintiff in error.
 

 Judgment reversed, and judgment for plaintiff in
 
 error.
 

 Marshall, C. J., Day, Allen, and Conn, JJ., concur.