THE SCOTTWOOD REALTY CO. *v.* BOWMAN ET AL.

*Pleading—Permitting amendments within discretion of trial courts—Error proceedings—Abuse of discretion not presumed by reviewing court, when—Review limited to pleadings permitted to be filed—Correction of mistake in deed—Seal of corporation and signature of officer not affixed—Action not one to quiet title—Relief not precluded by failure to convey personal property.*

1. Trial courts have judicial discretion to determine whether litigants should be permitted to file amended pleading, and, in absence of abuse of discretion, such action will not be reversed by reviewing court.

2. In absence of evidence or agreed statement of facts, appellate court will not presume that trial court abused its discretion in refusing to permit defendant to file second amended answer.

3. Appellate court, in reviewing judgment of trial court for plaintiff on pleadings, can consider only such pleadings as trial court permitted parties to file.

4. Alleged reprehensible conduct of plaintiffs in reselling furniture delivered to them by defendant under oral agreement, without paying therefor, made before defendant executed deed conveying realty to one plaintiff, *held* not to preclude plaintiffs from obtaining aid of equity in correcting mistake in deed under clean hands maxim; plaintiffs' conduct not being connected with subject-matter of suit.

5. Suit by purchaser against vendor, to obtain correction

of mistake in deed, *held*. not one to quiet title, requiring possession by purchaser.

(Decided February 1, 1926.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Marshall, Melhorn, Marlar & Martin,* for plaintiff in error.
*Mr. Charles A. Thatcher* and *Mr. Chester A. Meck,* for defendants in error.

RICHARDS, J. The action is one growing out of a mistake in the execution of a deed from the Scottwood Realty Company to Helen M. Bowman. After becoming the owner of the property she conveyed an undivided one-half of it to the Goodale Realty Company, and thereafter she and that company brought the action against the Scottwood Realty Company to require a correction of the deed or the execution and delivery of a good and sufficient deed.

On motion made in the trial court for a judgment for the plaintiffs on the pleadings, that court rendered judgment for the plaintiffs and ordered the execution of a good and sufficient deed, and this proceeding in error is brought to secure a reversal of that judgment.

In order to determine whether the court was justified in rendering that judgment, it will be necessary to look somewhat closely to the pleadings.

The Scottwood Realty Company filed an answer, and the plaintiffs, claiming this answer to be insufficient, made a motion for judgment in their

favor on the pleadings, and the trial court, on consideration of that motion, rendered a judgment for the plaintiffs. Thereupon the Scottwood Realty Company, desiring to plead further, it was given leave to file an amended answer. After the filing of the amended answer the motion of the plaintiffs below was renewed, and argued, and, after the argument of counsel, the court having indicated its intention to sustain the motion, the defendant tendered a second amended answer and cross-petition and asked to file the same instanter, but the court declined to grant leave. It is now insisted that this court, in this proceeding in error, can consider the second amended answer, which the trial court refused leave to file. We do not so understand the law. Trial courts may exercise a judicial discretion in determining whether a litigant should be permitted to file an amended pleading, and, in the absence of an abuse of that discretion, such action will not be reversed by a reviewing court. No bill of exceptions was taken, and we cannot be advised in regard to what it was that induced the trial court to overrule the application, except that it appears by the record that such leave had already once been granted and the application to file the second amended answer was not made until after the court had indicated its intention to render judgment for the plaintiffs upon the pleadings. In the absence of evidence, or an agreed statement of facts, this court will not presume that the trial court abused its discretion. The case is directly within the holding of the Supreme Court in *Mattison* v. *First National Bank,* 87 Ohio St., 470, 102 N. E., 1128, In determining, therefore, the rights

of the parties, we cannot look to the second amended answer and cross-petition, but only to the petition and the amended answer.

The petition avers, in substance, that on July 11, 1918, the Scottwood Realty Company sold and conveyed to the plaintiff, Helen M. Bowman, the real estate in question, that she caused the deed to be duly recorded, and thereafter conveyed an undivided one-half of the premises to the Goodale Realty Company. It is averred that the deed was duly signed by the Scottwood Realty Company, by its president, Thomas J. Calkins, and its secretary, Mary Calkins, but that, by an error, omission, and mutual mistake of the parties, Thomas J. Calkins failed to attach to his signature his title as president of the company, and the company failed to attach its corporate seal. They aver that the intent and purpose of the Scottwood Realty Company in the execution of the deed was to convey all of its title to the property, and that the deed was accepted by the grantee without notice on her part of the defects. The plaintiffs aver that they have made a demand upon the defendant to execute to them a new deed, correcting the omissions and mistakes, but that a compliance therewith was refused, and that, by reason of said mistakes in the execution of the deed, plaintiffs' title has become clouded and they are without remedy in an action at law to correct said omissions and mistakes. The petition concludes with prayer that the deed may be corrected and reformed and the defendant ordered to execute and deliver a good and sufficient deed conveying to plaintiffs all right, title, and interest, which said company may at any time have had in the real estate.

The amended answer admits that it was the intention and purpose, in the execution and delivery of the deed, to convey the legal title to the grantee, and admits that the undivided interest in the real estate has been conveyed to the Goodale Realty Company, and denies that the plaintiffs are in possession of the property.

The answer further avers that prior to the date of the execution of the deed from the Scottwood Realty Company, it entered into a written agreement with the grantee for the sale of the real estate, and that, under said agreement, in connection with the verbal agreement contemporaneously made as to the furniture and furnishings in the house, the grantee was to and did obtain possession of the real estate and the furniture immediately upon the execution of such sale agreement, and that said furnishings are of the value of not less than $3,000. It is further averred in the amended answer that Helen M. Bowman was to have possession of the furniture for thirty days free of charge, after which she was to have the further right to use the furniture until such time as she could arrange to purchase and pay for the same, if a consideration therefor could be agreed upon, or until she could purchase her own furniture, or, in any event, that she was to have possession until the defendant demanded such furniture for itself. The defendant avers that, although the agreements for the real estate and for the personal property were separate, in that the agreement for the real estate was in writing, the agreements were part of the same transaction, and made at the same time, and that neither said

Helen M. Bowman or the Goodale Realty Company has ever paid this defendant anything for said furniture, and for the use thereof. It avers that in December, 1921, it demanded the furniture, or compensation for the same. The amended answer also contains the averments that, since the transaction, Helen M. Bowman has become a resident of the kingdom of Italy, and is not in possession of the premises, and is and will be beyond the jurisdiction of the court, and that the plaintiffs have sold the furniture and agreed to deliver the same to the purchaser, an unincorporated association, and concludes with the averment that plaintiffs' hands are not clean, and that, before they are entitled in equity and good conscience to the relief prayed for, they should be required to do equity and make restitution and compensation for the fair value of the furniture, for which restitution and compensation the defendant prays.

The amended answer discloses that the position of the defendant below was and is that the plaintiffs were guilty of reprehensible conduct in failing to make payment for the furniture, in reselling the same, and in failing to deliver the same on demand, and that this was in the same transaction as that on which the plaintiffs' cause of action was based, and that therefore plaintiffs are barred of recovery.

A reading of the petition shows that it is based upon a claimed error and omission in the execution of the deed, which averments are admitted in the amended answer. The cause of action contained in the petition is not founded upon the agreement for the sale of the furniture, nor upon the written agreement for the sale of the real estate, but is

simply and only to require a correction of an error in the deed. The contention of the defendant is based upon the line of authorities found in *Kinner* v. *Lake Shore & Michigan Southern Ry. Co.*, 69 Ohio St., 339, 69 N. E., 614, and *Kinsman National Bank* v. *Jerko*, 111 Ohio St., 633, 635, 146 N. E., 210. In the first of these cases the rule is concisely stated to be simply that the maxim, "He who comes into equity must come with clean hands," requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject-matter of his suit. The amended answer contains no averments of reprehensible conduct on the part of the plaintiffs relating to those things which are set forth in the petition as the subject-matter of the suit. The grievance of which the Scottwood Realty Company complains arises out of the oral agreement relating to furniture, made at some time prior to the execution of the deed, and out of the claimed breach of that oral agreement by the plaintiffs below.

That company also insists that the action brought by the plaintiffs was in reality one to quiet title, and that they cannot prevail because the pleadings show they were not in possession of the real estate. The suit was not one to quiet title, but only to obtain the correction of a mistake in a deed.

The trial court was right in rendering judgment on the pleadings for the plaintiffs below, and the judgment should be affirmed.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.